IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES L. SPANN,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:06CR445DAK |

Defendant, James L. Spann, has filed a motion for early termination of supervised release. Defendant has served five years of his seven-year term of supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant seeks early termination of his supervised release because he has no ties to Utah and he desires to move back to Colorado to be near family. Defendant's only tie to Utah was the original offense and that occurred while he was apparently hitchhiking his way through the state. Defendant's probation officer has tried to transfer his supervised release to Colorado in order to allow Defendant to reconnect with his family. However, the requests for transfer have been denied. Defendant has completed five years of his supervised release and has complied with the terms of his supervised release. The court has contacted Defendant's probation officer and learned that he supports early termination at this point in this case. The court believes that it would be beneficial for Defendant to be able to reside near family. Accordingly, the court finds that an early termination of supervised release is warranted. Although he will no longer be on supervised release, the court strongly encourages Defendant to continue with his mental health treatments when he relocates to Colorado. Defendant's motion for early termination of supervised release is GRANTED.

DATED this 8th day of May, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge